**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PRIMROSE SUPER MARKET OF SALEM, INC., Respondent.**

**No. 6438.**

United States Court of Appeals First Circuit.

Dec. 7, 1965.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Warren M. Davison, Martin R. Ganzglass, Attys., N. L. R. B., on memorandum for petitioner.

William F. Joy and Morgan, Brown, Kearns & Joy, Boston, Mass., on motion, for respondent Primrose Supermarket of Salem, Inc. Murray Brown, Boston, Mass., of counsel.

Before ALDRICH, Chief Judge, MARIS * and BURGER,* Circuit Judges.

PER CURIAM.

In this case, on April 7, 1965, we affirmed without opinion an order of the NLRB, 148 N.L.R.B. No. 66. Certiorari was denied, October 12, 1965, 86 S.Ct. 68. The employer seeks reconsideration by this court on the ground that the Board's decision is inconsistent with its subsequent decision in Clermont's, Inc., September 22, 1965, 154 N.L.R.B. No. 111.

In Clermont's the Board refused to find an employer who rejected a union's claim of representation guilty of a section 8(a) (5) unfair labor practice, accepting the employer's excuse that it had a bona fide, although possibly erroneous, doubt as to the appropriateness of the unit. The Board so held in spite of its conclusion that the employer had been guilty of some misconduct discouraging unionization in violation of section 8(a) (1). In the present case the Board found violations of section 8(a) (1), and found a section 8(a) (5) violation without explicitly deciding whether the employer's asserted doubts as to the appropriateness of unit were held in good faith. There is, however, an important difference. In Clermont's the Board found the section

* Sitting by designation.

8(a) (1) violations to be minor, and unconnected with the refusal to bargain. In the case at bar it properly found that the employer had been guilty of a substantial and continuing course of misconduct.

We think the Board may properly decline to consider good faith as a defense to a section 8(a) (5) charge when the employer has exercised manifest bad faith in its other responses to the same attempt at unionization. It seems entirely justifiable to rule that an employer who is improperly seeking to discourage unionization must take its chances as to the appropriateness of the proferred unit. We see no incompatibility between the Board's decision in Clermont's, Inc. and that in the case at bar.

The motion for reconsideration is denied.